Keelin Kavanagh
JACOB, MEDINGER & FINNEGAN, LLP
1270 Avenue of the Americas
New York, New York 10020
(212) 524-5000

Attorneys for Defendant
Metal Management, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
OPPENHEIMER & CO., INC.,              :   Index No. 08-Civ-3697 (LTS)(FM)
                                      :
              Plaintiff,              :   **ANSWER**
                                      :
    vs.                               :
                                      :
METAL MANAGEMENT, INC.,               :
                                      :
              Defendant.              :
------------------------------------X

   Defendant, Metal Management, Inc. ("Metal"), by its attorneys, Jacob, Medinger & Finnegan, LLP, as and for its Answer to the Complaint states as follows:

   1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that plaintiff has demanded that Metal pay it a sum of money, no part of which is owed, that Metal has not made such payment, and that Metal was party to an engagement letter, dated as of August 1, 2007, with CIBC World Markets Corp. ("CIBC") (the "Engagement Letter").

   2. Denies each and every allegation contained in paragraph 2 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning assignment of CIBC's right of payment of fees.

3.   Denies each and every allegation contained in paragraph 3 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

4.   Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that the merger between Metal and Sims Group Ltd. ("Sims") occurred on March 14, 2008, and that Metal is a wholly owned subsidiary of Sims.

5.   Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that certain individuals employed by CIBC at the time performed some work on behalf of Metal in connection with a proposed transaction involving Metal and Sims.

6.   Denies each and every allegation contained in paragraph 8 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

7.   Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that it has not made the payment described in this paragraph of the Complaint.

8.   Denies each and every allegation contained in paragraph 10 of the Complaint.

9.   Denies each and every allegation contained in paragraph 11 of the Complaint, except admits it paid the $750,000 fee for the fairness opinion on or about March 12, 2008.

10.  Denies each and every allegation contained in paragraph 12 of the Complaint.

11.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

12.  Denies each and every allegation contained in paragraph 16 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

13.  Denies each and every allegation contained in paragraph 18 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

14. Denies each and every allegation contained in paragraph 19 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

15. Denies each and every allegation contained in paragraph 20 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

16. Denies each and every allegation contained in paragraph 21 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

17. Denies each and every allegation contained in paragraph 22 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

18. Denies each and every allegation contained in paragraph 23 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

20. Denies each and every allegation contained in paragraph 25 of the Complaint.

21. Denies each and every allegation contained in paragraph 26 of the Complaint.

22. Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that certain individuals employed by CIBC during 2007 performed some work on behalf of Metal in connection with a proposed transaction involving Metal and Sims.

23. Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that the Proxy Statement referred to in that paragraph was prepared and delivered to stockholders.

24. Denies each and every allegation contained in paragraph 29 of the Complaint and refers the Court to the Proxy Statement referred to in that paragraph for the full terms thereof.

25. Denies each and every allegation contained in paragraph 30 of the Complaint and refers the Court to the Proxy Statement referred to in that paragraph for the full terms thereof.

26. Denies each and every allegation contained in paragraph 31 of the Complaint.

27. Denies each and every allegation contained in paragraph 32 of the Complaint.

28. Denies each and every allegation contained in paragraph 33 of the Complaint.

29. Denies each and every allegation contained in paragraph 34 of the Complaint and refers the Court to the Proxy Statement referred to in that paragraph for the full terms thereof.

30. Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that the statements contained in the Proxy Statement were true and accurate as of February 12, 2008, and as of March 14, 2008.

31. Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that plaintiff has demanded the payment of a sum of money no part of which has been paid.

32. Defendant repeats and restates each and every response to paragraphs 1 through 39 of the Complaint as if fully set forth herein in response to the allegations contained in paragraph 40 of the Complaint.

33. Denies each and every allegation contained in paragraph 41 of the Complaint.

34. Denies each and every allegation contained in paragraph 42 of the Complaint.

35. Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Metal and Sims merged as of March 14, 2008.

36. Denies each and every allegation contained in paragraph 44 of the Complaint.

37. Denies each and every allegation contained in paragraph 45 of the Complaint.

38. Denies each and every allegation contained in paragraph 46 of the Complaint and refers the Court to the Engagement Letter for the full terms thereof.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

40. Denies that the plaintiff is entitled to any of the relief requested in paragraphs (i), (ii) and (iii) of the wherefore clause of the Complaint.

## DEFENSES

41. The Complaint fails to state a claim upon which relief can be granted.

42. The duties and obligations of CIBC pursuant to the Engagement Letter were not assignable to plaintiff.

43. The duties and obligations of CIBC pursuant to the Engagement Letter were not delegable to plaintiff.

44. Metal did not consent to the assignment and/or delegation of the duties and obligations of CIBC pursuant to the Engagement Letter to plaintiff.

45. No contractual relationship has existed or now exists between Metal and plaintiff.

46. CIBC repudiated the Engagement Letter because it failed and refused to provide reasonable assurances that it would perform under the Engagement Letter despite Metal's requests for such reasonable assurances.

47. CIBC ceased to perform it duties and obligations under the Engagement Letter in or about November 2007. As a result, CIBC materially breached the Engagement Letter, which

material breach relieved Metal of any obligation to pay the transaction fee set forth in the Engagement Letter.

48. Metal did not breach any duty or obligation of any kind to plaintiff whether arising from common law, statute, contract or otherwise.

49. The claims asserted in the Complaint fail for lack of consideration.

50. The Complaint and each cause of action therein may be barred, in whole or in part, to the extent plaintiff has waived, or is estopped from asserting, such causes of action.

51. Plaintiff has failed to join a party under Rule 19.

**WHEREFORE**, Defendant, Metal Management, Inc., demands judgment or relief as follows:

    A.    Plaintiff take nothing by its Complaint;

    B.    The Complaint be dismissed with prejudice; and

    C.    Granting Defendant such, other, further or different relief as the Court may deem just and proper.

Dated:    June 6, 2008

                                    s/ Keelin Kavanagh
                                    Keelin Kavanagh (KK-2188)
                                    JACOB, MEDINGER & FINNEGAN LLP
                                    1270 Avenue of the Americas
                                    New York, New York 10020
                                    (212) 524-5000
                                    kkavanagh@jmfnylaw.com

                                    Attorneys for Defendant
                                    Metal Management, Inc.